UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BETHANY LEBLANC,<br><br>Defendant. | Criminal No. 25cr10167<br><br>Violation:<br><br><u>Count One</u>: Theft of Government Money (18 U.S.C. § 641)<br><br><u>Forfeiture Allegation</u>:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

## INFORMATION

The United States Attorney charges:

### General Allegations

1. At all times relevant to this Indictment, BETHANY LEBLANC ("LEBLANC") was a resident of Seekonk, Massachusetts.

2. Beginning in or about November 2023 and continuing through in or about February 2025, LEBLANC was the Postmaster for the United States Postal Service ("USPS") at the Seekonk Post Office in Seekonk, Massachusetts. From in or about October 2014 to in or about November 2023, LEBLANC held various USPS positions, including as a carrier, a window clerk, and a customer service manager at Post Offices in Fall River and Seekonk.

### Theft of Postal Money Orders

3. As part of her official USPS duties as the Postmaster of the Seekonk Post Office, defendant LEBLANC had the authority to issue and approve what were known as "no fee" money orders ("Money Orders"). The Money Orders were similar in all respects to common USPS postal money orders with the exception that the Money Orders were generated to solely pay for

USPS-related expenses (at the Seekonk Post Office, for example) and, thus, no fee was charged for generating and issuing such Money Orders.

4.  From approximately September 2024 to December 2024, defendant LEBLANC generated and issued twenty-five Money Orders to herself, which totaled approximately $19,917:

| Number | M.O. last 4 digits | Appx. Date | Amount | Payee |
|---|---|---|---|---|
| 1 | 4238 | 9/23/2024 | $1,000 | LEBLANC |
| 2 | 4262 | 9/23/2024 | $1,000 | LEBLANC |
| 3 | 4240 | 9/30/2024 | $1,000 | LEBLANC |
| 4 | 4251 | 9/30/2024 | $1,000 | LEBLANC |
| 5 | 4273 | 10/7/2024 | $500 | LEBLANC |
| 6 | 8727 | 10/24/2024 | $331.81 | LEBLANC |
| 7 | 6850 | 10/28/2024 | $1,000 | LEBLANC |
| 8 | 6861 | 10/30/2024 | $1,000 | LEBLANC |
| 9 | 6872 | 10/30/2024 | $462.50 | LEBLANC |
| 10 | 9256 | 11/5/2024 | $1,000 | LEBLANC |
| 11 | 9234 | 11/5/2024 | $617.63 | LEBLANC |
| 12 | 9245 | 11/5/2024 | $1,000 | LEBLANC |
| 13 | 9436 | 11/8/2024 | $1,000 | Person 1[1] |
| 14 | 9403 | 11/8/2024 | $1,000 | Person 1 |
| 15 | 9414 | 11/8/2024 | $1,000 | Person 1 |
| 16 | 9425 | 11/8/2024 | $462.50 | Person 1 |
| 17 | 9223 | 11/15/2024 | $581.25 | LEBLANC |
| 18 | 7502 | 11/22/2024 | $755 | LEBLANC |
| 19 | 1808 | 12/2/2024 | $677.25 | LEBLANC |
| 20 | 9932 | 12/6/2024 | $550 | LEBLANC |
| 21 | 7851 | 12/9/2024 | $1,000 | LEBLANC |
| 22 | 7873 | 12/9/2024 | $603 | LEBLANC |
| 23 | 7862 | 12/12/2024 | $1,000 | LEBLANC |
| 24 | 7895 | 12/13/2024 | $802 | Rent Co.[2] |
| 25 | 0202 | 12/26/2024 | $575 | LEBLANC |
|  |  | Total | $19,917.94 |  |

5.  As part of her scheme to steal and convert Money Orders to her personal use, defendant LEBLANC engaged in the following deceptive conduct:

---

[1] The individual referred herein as "Person 1" was an associate of defendant LEBLANC.
[2] "Rent Co." was the property management company to whom defendant LEBLANC paid rent.

    a. LEBLANC would present purportedly bona fide invoices for USPS expenses to Seekonk Post Office clerks, who would then issue LEBLANC the Money Orders;

    b. LEBLANC would enter false information on the Money Orders to obtain the funds and avoid detection of her embezzlement;

    c. For Money Orders ending 4240 and 4251, LEBLANC falsely entered "Fire Dept. Box" in the memo section to make it appear as if LEBLANC used those Money Orders to pay for expenses related to such memo entries;

    d. For Money Orders ending 6850, 6861, 9223, 7502, 7851, and several others, LEBLANC entered the names of her relatives and associates to make it appear as if the funds for the Money Orders were coming from sources other than the USPS; and

    e. On one occasion, LEBLANC used Money Order ending 7895 to directly pay her rent.

6. Instead of using the Money Orders to pay for USPS-related expenses, defendant LEBLANC used the stolen proceeds to pay her personal expenses, including thousands of dollars spent at casinos, including the Plainridge Park Casino in Plainville, Massachusetts and the Twin River Casino in Lincoln, Rhode Island.

7. For example, on or about September 23, 2024, defendant LEBLANC deposited $2,000 in stolen Money Orders (ending 4238 and 4262) into her personal bank account ("Bank Account"). Days later, from September 25-26, 2024, LEBLANC withdrew a little over $2,000 in cash from her Bank Account via ATM's located at or near the Plainridge Park and Twin River

Casinos.  Plainridge Park Casino records showed that LEBLANC played slots at the casino on September 25 and September 26, 2024.

8. In another example, on or about November 4, 2024, defendant LEBLANC deposited approximately $2,617 in stolen Money Orders (ending 9234, 9245, and 9256) into her Bank Account.  Days later, from November 8-13, 2024, LEBLANC withdrew over $2,000 in cash from her Bank Account via ATM's located at or near the Plainridge Park and Twin River Casinos.  Plainridge Park Casino records showed that LEBLANC played slots at the casino on November 7, 8, and 11, 2024.

<u>COUNT ONE</u>
Theft of Government Money
(18 U.S.C. § 641)

The United States Attorney charges:

9. The United States Attorney re-alleges and incorporates by reference paragraphs 1-8 of this Information.

10. From in or about September 2024 to in or about December 2024, in the District of Massachusetts, and elsewhere, the defendant,

BETHANY LEBLANC,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to her use and the use of another, any money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, postal money orders having a value of approximately $19,917.94.

All in violation of Title 18, United States Code, Section 641.

<u>FORFEITURE ALLEGATION</u>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 641, set forth in Count 1, the defendant,

BETHANY LEBLANC,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to:

    a. $19,917.94, to be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Respectfully submitted:

Digitally signed by
DUSTIN CHAO
Date: 2025.05.02 14:41:33
-04'00'

DUSTIN CHAO
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS
Dated: April 14, 2025